IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

WILLIAM HOBGOOD, *et al.*, )
)
        Plaintiffs-Counterdefendants, )
)
v. )   Civil Action No.: 3:18cv131–HEH
)
LOCAL 305, NATIONAL POSTAL )
MAIL HANDLERS UNION, *et al.*, )
)
        Defendants-Counterplaintiffs. )

## <u>MEMORANDUM OPINION</u>
**(Cross Motions for Summary Judgment)**

This is an action seeking declaratory judgment filed by two of three Trustees of the Postal Union Welfare Benefit Trust against Local 305, National Postal Mail Handlers Union, and Felandria Jackson, the Union President of that chapter. In addition to seeking similar relief favorable to its interpretation of the language at issue, the Postal Union has filed a counterclaim[1] for beach of the Welfare Benefit Trust Agreement ("the Trust Agreement"). Distilled to its essence, the underlying controversy turns on the validity of an amendment (the "Amendment") to the Trust Agreement allegedly adopted for the benefit of members of a chapter of the National Postal Mail Handlers Union, Local 305 ("the Union").[2]

---

[1] The Plaintiffs will hereafter be referred to simply as "Plaintiffs" or "pre-Amendment Trustees" and the Union and Felandria Jackson will be referred to as "Defendants" or "Union."

[2] The Trust, which forms the epicenter of this controversy, is an employee benefit plan governed by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1102(a)(1). This provision requires that all such plans be governed by a written instrument which provides a procedure for amendment and identifies the individuals empowered to make

The Amendment, adopted by the Union Executive Board, enlarged the number of Trustees from three to five, eliminated the provision allowing the Trustees to select successors, and reduced the Trustees' terms from six years to three years. It also enabled the Union to remove Trustees for any reason. The Amendment, effective five days after its adoption by the Executive Board, also provided that at least two of the Trustees must be Union members and one Trustee who is otherwise unaffiliated with the Union. (Joint Stipulation of Undisputed Facts, hereafter "Stipulation," ECF No. 13; Amendment, ECF No. 13-B.)

The Plaintiffs, both pre-Amendment Trustees, contend that the Amendment at issue violates the restrictive language of the Trust Agreement and ERISA. (Pls.' Mem. Supp. Mot. Summ. J. 7–8, ECF No. 9.) Specifically, Article IV.E prohibits the Executive Board from amending the Trust Agreement in a manner that increases the duties or liabilities of incumbent Trustees or deprives them of their powers to safeguard the Trust without the consent of the Trustees. The Union maintains that the Amendment was within the scope of its powers under Article IV of the Trust Agreement.[3] Article IV, Paragraph A provides that: "[t]he Union has the right at any time to amend this Trust Agreement in whole or in part, subject to this Article." (Stipulation ¶ 18.)

This case is presently before the Court on cross motions for summary judgment under Federal Rule of Civil Procedure 56, accompanied by the parties' Joint Stipulation

---

such amendments. 29 U.S.C. § 1102(b)(3). The instrument at issue in this case is the Welfare Benefits Trust Agreement.

[3] Defendant Felandria Jackson, President of the Local 305 Union, was the third pre-Amendment Trustee. She is also a member of the Executive Board of the Union.

2

of Undisputed Facts. Both parties seek declaratory relief supporting their respective interpretation of Article IV of the Trust Agreement. Each side has thoroughly briefed their position and the Court heard oral argument on November 13, 2018. The parties agree that there are no material facts in dispute. The task at hand is narrow. Guided by the teachings of ERISA, it is purely one of squaring the December 27, 2017 Amendment with the constraining language of Article IV, paragraphs A and E of the Trust Agreement.[4] Was the Amendment permissible under the terms of the Trust Agreement?

In reviewing cross motions for summary judgment, a district court must review each motion separately on its own merits. *Norfolk S. Ry. Co. v. City of Alexandria*, 608 F.3d 150, 154 (4th Cir. 2010). The Court's hand is also guided by the fossilized principle that employee benefit plans are governed by the clear language of their governing document. *White v. Provident Life & Accident Ins. Co.*, 114 F.3d 26, 28 (4th Cir. 1997). Amendments to the Trust must be in compliance with the terms of the Trust Agreement.

Although the Amendment in question was adopted by the Union Executive Board on December 27, 2017, the pre-Amendment Trustees were notified by communication dated December 29, 2017. The Amendment was effective January 1, 2018. (Amendment, ECF No. 13-B.) The pre-Amendment Trustees, after consulting with counsel, "determined by unanimous consent that the purported amendment is invalid and of no effect for a number of reasons, including the fact that it was put forward 'without

---

[4] ERISA requires that "any modification to a plan must be implemented in conformity with the formal amendment procedures . . . ." *Ret. Comm. of DAK Ams. LLC v. Brewer*, 867 F.3d 471, 480 (4th Cir. 2017).

3

the entire written consent of the Trustees' under Article IV.E. of the Trust Agreement."
(Meeting Minutes, ECF No. 13-C.) The pre-Amendment Trustees also note in their minutes the absence of any notification or consultation by the Union prior to its adoption. (*Id.*) This lawsuit followed.

The Plaintiffs maintain that the Amendment, in effect, diluted the pre-Amendment Trustees' voting strength and deprived them of the power to safeguard the welfare plan by subjecting them to removal without cause. They contend that reducing the terms of service from six years to three years, and eliminating staggered terms of service, deprives the Trustees of their independence and affects the institutional continuity of the Trustees. In Plaintiffs' view, its effect is compounded by the Amendment's removal of the pre-Amendment Trustees' power to name their successors. Subjecting them to removal without cause or reason, Plaintiffs argue, would violate ERISA by depriving the Trustees of the power to exercise independent judgment without fear of retributive removal. Plaintiffs argue that in effect the Amendment alters the composition of the Trustees from an independent majority to a Union majority of members. Plaintiffs characterize the Amendment as purely a power grab on the part of the Union, intended to give the Union "more control, participation and input into the administration and oversight" of the Trust. (Pls.' Mem. Supp. Mot. Summ. J. 12 (citing Union Answer to Interrog. No. 1).)

The Union urges the Court to hew closely to the language of Article VI.E and not confer powers to the pre-Amendment Trustees not specifically delegated by the Trust Agreement. That Article, entitled "Trustees Duties and Liabilities," reads: "[n]o amendment shall be valid *which increases the duties or liabilities* of the Trustees, or

4

which deprives the Trustees of *the powers under this Trust Agreement to safeguard the Trust Fund and effect the purposes of the Trust*, without the prior consent of the Trustees." (Defs.' Mem. Supp. Mot. Summ. J. 5, ECF No. 17 (emphasis added by Defendants).) The Union also points out that neither Article IV.A nor E, prior to the Amendment at issue, "provide[d] any express limitation on the Union's ability to remove Trustees prior to the end of their specified terms." (*Id.*)

Furthermore, Article II.A.1. provides that "[w]henever a Trustee resigns *or is removed*, if his term expires, or if he otherwise ceases to serve, the two remaining Trustees must appoint a successor Trustee." (*Id.* at 6 (emphasis added by Defendants); Joint Stipulation, ECF No. 13, Ex. A. at 4.) No other provision of the Trust Agreement specifically addresses the power to remove a Trustee. Since all powers vested in the Trustees are conveyed by the Union via the Trust Agreement, the Union suggests that by default, the power to remove Trustees must be vested in the Union. In other words, the Trustees have only those powers conveyed to it by the Union under the Trust Agreement.

The Union discounts the impact of the Amendments at issue on the powers and duties of the Trustees. It argues that the Amendments have no impact on the Trustees' core duties, "to receive, hold, manage, increase, and distribute assets to provide benefits under participating plans." (Stipulation, Ex. A.) Shortening terms of service, increasing membership, and eliminating staggered terms and the right to select their successors have no apparent adverse effect on a Trustees' power to safeguard the Trust fund or effect the purpose of the Trust. Moreover, the Amendment requiring at least two Trustees to be

5

Union members and one to have no Union affiliation would appear to neither dilute voting strength nor violate the Trust Agreement.

The closer question, however, is whether the unilateral Amendment by the Union making the Trustees removable at will and without cause dilutes their power to safeguard the assets under the Trustees' control. The Union does not dispute that one of the intended objectives of the Amendment was to exert greater control over the Trust—arguably undermining the purpose of an independent body guiding the stewardship of the participating benefit plans. (Pls.' Mem. Supp. Mot. Summ. J., Ex. 2.) Unquestionably, the prospect of summary removal and replacement of a Trustee who failed to adhere to the Union's wishes could arguably have a chilling effect on a Trustee's execution of their fiduciary duties.[5] But would the replacement of one or more individuals deprive the Trustees of the powers to safeguard the integrity of the Trust and its assets? This Court thinks not. Removal and replacement may affect the identity of the individuals exercising that power, but not the ability of a trustee to do so.

Given the apparent tension between the provisions at issue, and the finite well of guiding authority, the Court ordered supplemental briefing on the removal without cause issue. Unfortunately, aside from non-binding opinions of administrative agencies, relevant jurisprudence appears to be sparse and unilluminating. In large part this is attributed to the unique elements of trust agreements undermining the task of uniform interpretation and application.

---

[5] This Court does not agree that depriving the Trustees of the power to name their successors affects the integrity of their fiduciary obligations.

Consequently, both parties filed memoranda focusing primarily on the authority of trusts to discharge trustees without cause.[6] The preponderance of authority seems to generally support the Union's right to do so, subject to the language of the Trust Agreement. The Fourth Circuit has afforded employee benefit plans wide latitude in adopting their governing principles. *Gayle v. UPS*, 401 F.3d 222, 228 (4th Cir. 2005) (quoting *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995) ("Plan sponsors, not federal courts, are empowered by ERISA to adopt, modify or terminate welfare plans.")). Although the union has entrusted stewardship of the employee benefit plans to the Trustees, the Union has a continuing oversight responsibility under the Welfare Benefit Trust Agreement. As the Union points out, the Trust is funded by the Union for the benefit of its members. (Defs.' Suppl. Mem. 12.)

In the final analysis, this Court must conclude that the Union holds the "whip hand." As unsettling as it may be to Plaintiffs, a thorough review of the Trust documents as well as pertinent administrative and judicial opinions yield no convincing support for Plaintiffs' interpretation of the Welfare Benefit Trust Agreement. Accordingly, this Court will award summary judgment in favor of Defendants-Counterplaintiffs and dismiss Plaintiffs-Counterdefendants' Complaint.

---

[6] The Department of Labor opinion letters cited by the Union noted that trustees should be removable on reasonably short notice and without the necessity for adjudication by a fact-finding tribunal. (Defs.' Suppl. Mem. 3–4, ECF No. 22.)

An appropriate Order will accompany this Memorandum Opinion.

                                               /s/
                                    Henry E. Hudson
                                    Senior United States District Judge

Date: Dec. 4, 2018
Richmond, VA